## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### CHARLESTON DIVISION

**RAY JUSTIS,**

　　　　**Petitioner,**

v.　　　　　　　　　　　　　　　　　　**Case No. 2:15-cv-06420**

**KAREN PSZCZOLKOWSKI, Warden,**
**Northern Correctional Facility,**

　　　　**Respondent.**

### PROPOSED FINDINGS AND RECOMMENDATIONS

Pending before the court is Petitioner's "Motion for Stay of Abeyance [*sic*]," (ECF No. 1), wherein he requests that this court "hold his Rights, under [28 U.S.C. §] 2254 … in abeyance" until he has exhausted his state court remedies.[1] This case is assigned to the Honorable Joseph R. Goodwin, United States District Judge, and by standing order is referred to the undersigned United States Magistrate Judge for submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons that follow, the undersigned **FINDS** that Petitioner is not entitled to a stay, and therefore, the undersigned respectfully **RECOMMENDS** that Petitioner's request for a stay be **DENIED**.

---

[1] The undersigned refers to Ray Justis as "Petitioner" despite the fact that he has not filed a § 2254 petition in this court.

## I.      Procedural History

On February 20, 2008, Petitioner Ray Justis ("Petitioner") was convicted by a jury of felony daytime burglary, misdemeanor domestic battery, and misdemeanor battery. *State v. Justis*, No. 101539, slip op. at 1 (W. Va. June 15, 2011). On February 22, 2008, the prosecution filed a recidivist information pursuant West Virginia Code § 61-11-19, which indicated that Petitioner had been previously convicted of three felony offenses. *Id.* On October 20, 2008, a jury determined that Petitioner was indeed the person who had committed the prior felonies listed in the information. *Id.* at 1-2. Consequently, the trial court sentenced Petitioner to life imprisonment for the felony daytime burglary conviction, pursuant to West Virginia Code § 61-11-18(c). *Id.* at 2. The trial court's final order was entered in Petitioner's case on February 3, 2009.[2]

Petitioner filed his notice of intent to appeal with the trial court on February 17, 2009. The trial court subsequently extended Petitioner's time to file an appeal with the Supreme Court of Appeals of West Virginia ("WVSCA") to July 15, 2009. On May 18, 2010, Petitioner was resentenced by the trial court, and on September 20, 2010, the trial court granted Petitioner until November 18, 2010 to file his appeal with the WVSCA.[3] Petitioner subsequently filed his petition to appeal in the WVSCA on November 18, 2010. On June

---

[2] The undersigned's staff obtained a copy of the docket sheet for the underlying criminal case by contacting the Kanawha County Circuit Court Clerk's Office. Many of the dates throughout this PF & R are taken from that docket sheet.

[3] "West Virginia courts occasionally resentence defendants in order to afford them an additional four months to file a direct appeal." *Harper v. Ballard*, No. 3:12-00653, 2013 WL 285412, at *4 (S.D.W.Va. Jan. 24, 2013). In *Harper*, Judge Chambers found that a resentencing for the purpose of permitting a criminal defendant to file a direct appeal to the WVSCA restarted the one-year statute of limitations contained in the Anti–Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *Id.* at *4-*6 (relying heavily on *Jimenez v. Quarterman*, 555 U.S. 113, 129 S.Ct. 681, 172 L.Ed.2d 475 (2009)); *see also Daniels v. Waid*, No. 2:09-cv-00244, 2011 WL 1043490, at *2-*3 (S.D.W.Va. Mar. 18, 2011) (noting that resentencing may reopen right to direct review within meaning of AEDPA's statute of limitations); *Horn v. Ballard*, No. 1:07-00503, 2009 WL 914879, at *2 (S.D.W.Va. Mar. 31, 2009) (recognizing that "reinstatement" of right to direct appeal through resentencing procedure rendered § 2254 petition timely). It is unclear whether that was the sole purpose for the resentencing in Petitioner's case.

15, 2011, the WVSCA issued a memorandum decision denying Petitioner's appeal on the merits. *Id.* at 2.

According to Petitioner, on September 21, 2011, he filed a state habeas corpus petition in the Circuit Court for Kanawha County. (ECF No. 1 at 2). Petitioner was appointed counsel to represent him during state habeas proceedings on September 12, 2012. (*Id.*) On March 31, 2015, Petitioner's state habeas petition was denied by the circuit court. (ECF No. 1-1 at 10). On April 24, 2015, Petitioner's state habeas counsel filed a notice of appeal with the WVSCA challenging that decision. (ECF No. 1-2 at 6). On May 15, 2015, Petitioner filed his "Motion for Stay of Abeyance [*sic*]" in this court, requesting that the court "hold his Rights, under [28 U.S.C. §] 2254 ... in abeyance" until he has exhausted his state court remedies. (ECF No. 1 at 1).

On September 8, 2015, the undersigned's office contacted the Clerk of the WVSCA and received a copy of the docket sheet pertaining to Petitioner's state habeas appeal, *Justis v. Seifert*, No. 15-0369. The docket sheet reflects that the appeal is moving forward, with Petitioner's brief having been filed on August 7, 2015. According to the Clerk's Office at the WVSCA, Respondent's brief is due on September 21, 2015, and any reply brief filed on behalf of Petitioner is due October 12, 2015. Consequently, Petitioner's appeal of the state circuit court's habeas ruling is pending and active.

## II.   Discussion

Petitioner filed his "Motion for Stay of Abeyance [*sic*]" prior to filing a § 2254 petition in this court. Petitioner concedes that he has not filed a § 2254 petition because he does not know what issues he will raise in federal habeas proceedings, if any, until after his state habeas proceedings have concluded. (ECF No. 1 at 2). Consequently, there is no

3

proceeding to stay in this court and no federal habeas petition to hold in abeyance.[4] *See*

*Blain v. Hartley*, No. SACV 08-1375-RGK, 2009 WL 86662, at *1 n.2 (C.D. Cal. Jan. 12,

2009) ("Without a cognizable petition, however, there is no proceeding to stay").

Furthermore, Petitioner has not offered any reason, let alone good cause,[5] for

granting him a stay. To the extent that Petitioner may be concerned that a future § 2254

petition may be untimely, the need for such a worry is not apparent at this juncture. The

Anti–Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") contains a one-year

statute of limitations within which a state prisoner may file a federal habeas corpus

petition. 28 U.S.C. § 2244(d)(1). The one-year limitation period begins to run from the

latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.* Section 2244(d)(2) clarifies that the running of the one-year period is suspended for

any time that a "properly filed" state post-conviction proceeding "is pending." *Id.* §

2244(d)(2). The Fourth Circuit has construed a state post-conviction proceeding to

---

[4] Additionally, because no § 2254 petition has been filed, this court cannot determine whether Petitioner has exhausted his state court remedies for any potential federal habeas claims.

[5] *See Rhines v. Weber*, 544 U.S. 269, 277, 125 S.Ct. 1528, 161 L.Ed.2d 440 (2005) (holding that stay and abeyance is only appropriate where, among other requirements, good cause exists).

include all state court proceedings "from initial filing [in the trial court] to final disposition by the highest state court." *Taylor v. Lee,* 186 F.3d 557, 561 (4th Cir. 1999). Upon final disposition of the state post-conviction proceeding, "the running of the § 2244(d) one-year period resumes." *Harris v. Hutchinson*, 209 F.3d 325, 327 (4th Cir. 2000). In other words, the one-year period begins at the conclusion of direct review, but is statutorily tolled if collateral proceedings are initiated in state court. Once collateral state court proceedings conclude, the limitation period begins to run again from the point at which it was tolled by initiation of the collateral proceedings.

Petitioner's direct appeal of his recidivist conviction and sentence was denied by the WVSCA on June 15, 2011. He then had ninety days in which to seek a writ of certiorari from the United States Supreme Court. Sup. Ct. R. 13(1). Petitioner did not seek such a writ, and thus, one day after the ninety days had passed,[6] on September 14, 2011, Petitioner's judgment became final, and the AEDPA's one-year statute of limitations began to run. Petitioner then sought state habeas relief on September 21, 2011, which tolled the time for him to file a federal habeas petition. 28 U.S.C. § 2244(d)(2). As discussed above, Petitioner's state habeas proceedings are still ongoing. Accordingly, the AEDPA's one-year limitation period has been tolled since September 21, 2011, at which point only seven days had lapsed between the expiration of time for seeking direct review and the commencement of state habeas proceedings. Therefore, Petitioner is not facing a time-bar hardship sufficient to warrant a stay of any future § 2254 proceeding.

In summary, there is no federal habeas proceeding to stay. Furthermore, Petitioner filed his state habeas petition shortly after his time for seeking direct review expired, and

---

[6] Under Federal Rule of Civil Procedure 6(a), the one-year limitation period commences the day after the event triggering the period. *See Hernandez v. Caldwell*, 225 F.3d 435, 439 (4th Cir. 2000).

his ongoing state habeas proceedings are presently tolling the AEDPA's statute of limitations. Bearing in mind that the practice of staying a § 2254 proceeding should be done infrequently and only for good cause, the undersigned **FINDS** no basis upon which to recommend a stay for a § 2254 proceeding that may or may not be initiated by Petitioner in the future. *See Kanode v. Waid*, No. 1:08-1113, 2011 WL 2633645, at *1 (S.D.W.Va. July 5, 2011).

### III.  Proposal and Recommendations

For the aforementioned reasons, the undersigned respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that that Petitioner's "Motion for Stay of Abeyance," (ECF No. 1), be **DENIED**, and that this action be **DISMISSED** from the docket of the court.

The parties are notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable Joseph R. Goodwin, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727

F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing parties, Judge Goodwin, and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to Petitioner, Respondent, and counsel of record.

**FILED:**  September 11, 2015

_____
Cheryl A. Eifert
United States Magistrate Judge

7